UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MITCHELL ASHER, | ) |
| | ) |
| Defendant. | ) |
| _____ | )Case No.4:05-CR-0036-001 (RRB) |

**SENTENCING MEMORANDUM ON BEHALF OF MITCHELL ASHER**

Through undersigned counsel LANCE C. WELLS, DEFENDANT MITCHELL ASHER files the following Sentencing Memorandum setting forth all factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

Mr. Asher has previously pled guilty pursuant to Superseding Information to the following: Counts 1-7 Interstate Transportation of Stolen Property in violation of 18 U.S.C. Sec. 2314, class C felony offenses; Counts 8,9, 24 and 25 Fraudulent Use of Access Device in violation of 18 U.S.C. Sec's. 1029 (a)(2) and 1029 (c)(1)(A)(1); Counts 10 and 11 Money Laundering in violation of 18 U.S.C. Sec. 1957, class C felony offenses; Count 12 Transportation of Stolen Vehicle in violation of 18 U.S.C. Sec. 2312, a class C felony; Counts 13-23 Wire Fraud in

violation of 18 U.S.C. Sec. 1343, class C felony offenses; and Counts 26-43 Mail Fraud in violation of 18 U.S.C. Sec. 1341, class C felony offenses.  There is a written two page plea agreement that has been entered in to between the government and Mr. Asher dated June 2, 2006. A copy of this letter was filed with the court at the time of defendant's change of plea. Sentencing before the court is "open," and restitution will be ordered for all charged conduct and relevant conduct.

    Mr. Asher pursuant to his plea placed upon the record and taken by this court does not dispute that he unlawfully took money and a vehicle belonging to Alkan Shelter Corporation as well as money from Indra Systems and Olgoonik Development Corporation. Defendant prior to being charged, signed confessions of judgment as to funds owed to Alkan Shelter Corporation and Olggonik Development Corporation.  The exact amount of total loss remains in dispute. Objections to this have been timely made within the draft presentence report prepared in this matter and are unresolved at the time of this writing. Additional objections have been raised within the draft presentence report and will also need to be resolved. It is believed that an evidentiary hearing of no more than two hours will be necessary to resolve all of the outstanding objections raided by Mr. Asher as well as his requests for departure/mitigation.

Mr. Asher has no includable criminal history of any sort and falls within Criminal History Category I (0-1 criminal history points).

Under the now "advisory" guidelines, the Base Offense Level is that of 21, plus one point for Specific Offense Characteristic yields an Adjusted Offense Level of 22, less three points for acceptance of responsibility, yields an Adjusted Total Offense Level of 19.

The estimated criminal history is that of 0 points (CH level I), thus yielding a non-binding sentencing range of 30-37 months. There are no statutory mandatory minimum sentences required under any of the statutes of conviction pertaining to Mr. Asher. It is suspected that a fine will not be imposed based upon defendant's inability to pay it. A review of the PSR supports this conclusion.

Defendant has attached hereto as Ex. A, copies of many letters of support and reference. It is expected that two witnesses will be called testify on Mr. Asher's behalf at sentencing: Ms. Dona Quinones (defendant's sister) and Georges St. Laurent, III. Ms. Quinones will offer testimony as to why she believed Mr. Asher committed the underlying offenses, his medical condition, future employment with her company, character of defendant as well as all other information that may be relevant to defendant's sentencing that she has personal

knowledge of. Mr. St. Laurent, III will testify to the length of time he has known Mr. Asher, Mr. Asher's past work performance for his corporation, as well as future employment opportunities for Mr. Asher with Mr. St. Laurent, III.

## Sentencing under *Booker*

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. <u>United States v. Booker</u>, 125 S.Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in <u>Blakely</u> and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. <u>Id.</u> at 751. Accordingly, reaffirming its holding in <u>Apprendi</u>, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984, that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S.Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory". Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker,

> Requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a).

---

[1] It should be noted that the fact-of-prior-conviction exception to the Apprendi rule is based on Almendarez-Torres v. United States, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of Booker itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by Shepard v. United States, 125 S.Ct. 1254 (2005). Shepard sharply limits the Almendarez-Torres exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that Almendarez-Torres was wrongly decided. 125 S.Ct. at 1264 (Thomas, J. concurring).

<u>Booker</u>, 125 S.Ct. at 757. Thus, under <u>Booker</u>, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2". Section 3553(a)(2) states that such purposes are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

- 1) "the nature and circumstances of the offense and the history and characteristics of the defendant" [§3553(a)(1)];
- 2) "the kinds of sentences available" [§3553(a)(3)];

    3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a)(6)]; and

    4) "the need to provide restitution to any victims of the offense" [3553(a)(7)].

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recognize[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part "H" of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. §5H1. See also <u>United States</u>

Mitchell Ellis Asher's Sentencing Memorandum       7

v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005)(Simon, J.)(taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, _F.Supp.2d_, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. March 7, 2005)(Jones, J.)(concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses – he was 17 – and noting that in Roper v. Simmons, 125 S.Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F.Supp.2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005)(Adelman, J.). As another district court judge has

Mitchell Ellis Asher's Sentencing Memorandum                               8

correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker". United States v. Jaber, _F.Supp.2d_, 2005 WL 605787 *4 (D. Mass. March 16, 2005)(Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005)(advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.

Booker, 125 S.Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight", its opinion would have said so. The

Mitchell Ellis Asher's Sentencing Memorandum                                9

remedial majority clearly understood that giving any special weight to the guideline range relative to the other §3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989)(Becker, J., concurring in part, dissenting in part)(arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

### Application of the Statutory Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

(a)  Nature and Circumstances of Offense

Mr. Asher became involved in the above matter after he fell upon desperate medical times: his heart was failing and he was suffering from tremendous obesity and complications associated therewith. His father was suffering from Alzheimer's Disease and his parent's home in Florida had recently been destroyed by hurricane. That Mr. Asher had recently undergone a very troubling divorce in which his wife was awarded custody of their two small children as well as IRS taxation complications. Mr. Asher became desperate and initially took the money so as to obtain necessary medical treatment in Mexico for his obesity and health related complications associated therewith. He obtained surgery there, and almost died from heart related complication upon the operating table. In short, he was "brought back to life," as he suffered almost complete heart failure. Mr. Asher simply put, made a bad series of decisions. When confronted by Olgoonik Development Corporation as well as Alkan Shelter Corporation, Mr. Asher did not deny what he had done. In fact, he signed confessions of judgments as to both corporations as to monies they had lost and was able to have returned to Olgoonik Development Corporation a significant portion of the funds taken as well as the company car belonging to Alkan Development Corporation. Mr. Asher further set forth a payment plan and showed strong and sincere remorse for what he had done.

(b) History and Characteristics of Mr. Asher

Mr. Asher has no substance abuse issues. He has maintained steady employment for years. He has previously graduated high school and has taken some college level courses and has received significant financial training and accounting training through additional classes he has taken and through continued learning. Accounts of his work performed for various companies and individuals could best be described as good to excellent. His prospects for future employment and rehabilitation appear excellent as well.

Mr. Asher reports no history of mental illness or disease. He does however, suffer from extensive medical issues which are described with particularity within the presentrnce report filed with this court. Mr. Asher has further provided copies of his medical records to the probation officer Ms. Lundgren so that they may be utilized by the BOP in determining an appropriate institution for Mr. Asher.

Mr. Asher is amenable to paying restitution in this matter and looks forward with anticipation to being able to again return to the workforce as a productive member of society and begin paying the sizeable restitution figure off.

1. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

 (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

 (B) to afford adequate deterrence to criminal conduct

 (C) to protect the public from further crimes of the defendant

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

2. The Kinds of Sentences Available

In <u>Booker</u>, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>Booker</u>, 125 S.Ct. at 756. This renders the sentencing guidelines advisory. <u>Id.</u>

Since Mr. Asher's conviction is for multiple class C felony offenses, probation is not authorized since the minimum custody range is greater than six months. See U.S.S.G. Sec. 5B1.1(a). The maximum length of probation available under stature is five years. The maximum fine for felony conviction of counts 1-43 is $250,000. See 18 U.S.C. Sec. 3571(b)(3). The Sentencing Range Established by the Sentencing Commission as Set forth in the Presentece Report is 30-37 months.

This is based on an Adjusted Offense Level of 19 as calculated and Criminal History category I. There is no minimum mandatory sentence required under statute.

4. The Need to Avoid Unwarranted Disparities

Mr. Asher requests this court to sentence him to a sentence which is on par with many other first time embezzlement/theft offenders that have come before this court since Booker/Fanfan have been released. Mr. Asher has not done a significant of time in custody before, and his ability to be rehabilitated has never been tested before by this court. His commission of the instant offense was fueled by need to obtain medical treatment, to help his father and support his two children as he had fallen on hard times.

5. The need to provide restitution to any victims of the offense.

Mr. Asher does not oppose the payment of restitution.

6. Departure Requests

Part of Mr. Asher's plea agreement allows him the opportunity to attempt to reduce his sentence by way of mitigation. Mr. Asher previously proposed multiple mitigating factors/departure requests within the draft presentence report and they are incorporated herein be reference as tough fully set forth as they have not yet been resolved.

**Conclusion**

It is respectfully requested that the court impose no more than one year and one to day to serve in this matter with credit for time already served since Mr.ASher has been incarcerated. Mr. Asher's time is better spent working to pay restitution owed to the three victims identified Lastly, that probation not exceed three years and that no monetary fine be imposed.

At the time of sentencing, Mr. Asher will ask this court to make a strong recommendation as to where he would like to serve his sentence within the BOP.

DATED at Anchorage, Alaska, this 23rd day of July 2006.

       LAW OFFICES OF LANCE C. WELLS, P.C.
       Attorneys for Mitchell Asher

       By: s/ Lance C. Wells

       Alaska Bar No. 9206045
       733 W. 4th Avenue, Suite 308
       Anch., AK. 99501
       tel 274-9696
       fax 277-9859
       email lwells@gci.net

```
              UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,     )
                              )
              Plaintiff,      )
                              )
    v.                        )
                              )
MITCHELL ASHER,               )
                              )
              Defendant.      )
_____)Case No.4:05-CR-0036-001 (RRB)
```

**Certificate of Service**

On 7/23/06 a copy of the above was delivered via electronic filing to Stephen Cooper, AUSA at his electronic address of record.

```
    By: s/ Lance C. Wells
        AK Bar # 9206045
```