DEBORAH M. SMITH
Acting United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-cr-036 (RRB) |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S BRIEF ON** |
| vs. ) | **RESTITUTION** |
| ) | |
| MITCHELL ELLIS ASHER, ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff, the United States of America, pursuant to the Court's Order entered from the bench on the day of sentencing, August 10, 2006, and offers the following points and authorities regarding the remaining issues affecting restitution:

    1. Pre-judgment interest as a component of restitution;

    2. The final restitution amounts for the victims including claimed interest and expenses of attending the proceedings; and

    3. The value of Alkan's vehicle as a credit against restitution, after deducting from that value the expenses of recovery and the expenses of acquiring and disposing of a replacement vehicle during the unavailability of the vehicle defendant stole.

    1.    <u>Prejudgment Interest is a Valid Component of Restitution.</u>

The Ninth Circuit authorizes prejudgment interest as a part of restitution:

> Though the MVRA is silent on the issue of prejudgment interest, we have held that the VWPA "authorizes restitution for a victim's '*actual losses*'" and that "[f]oregone interest is one aspect of the victim's actual loss." *United States v. Smith*, 944 F.2d 618, 626 (9th Cir. 1991) (interpreting the VWPA) (emphasis added).

<u>United States v. Gordon</u>, 393 F.3d 1044, 1058 (9th Cir. 2004). As <u>Gordon</u> also demonstrates, this interpretation of the Victim Witness Protection Act as including prejudgment interest applies equally to the Mandatory Victims Restitution Act which controlled the <u>Gordon</u> case and also governs the present case. The MVRA, 18 U.S.C.

§ 3663A, and the VWPA, 18 U.S.C. § 3663, are identical in all important respects except that the MVRA makes restitution mandatory in certain cases regardless of the defendant's financial condition, rather than discretionary as under the VWPA. Gordon at 1048.

> [C]ourts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent.

Id.

Accordingly, it is not necessary to show that the stolen money came from an interest-bearing account, or would have produced interest. Prejudgment interest reflects the victim's actual loss due to his inability to use the money for a productive purpose. Id. at 1059.

Prejudgment interest, however, applies only to money, not to other forms of stolen property. Id. at 1059-1060.

2. <u>Final restitution amounts for the victims including claimed interest and expenses of attending the proceedings.</u>

<u>Alkan Shelter:</u>

Prejudgment interest, only through August 21, 2006, at the prime rate plus 1.5% (which is what Alkan pays the bank to borrow money), is computed only on the money defendant stole, i.e., the total loss amount minus the vehicle, the attorney fees, the accounting fees and the other amounts itemized above. The total amount of money defendant stole consists of -

$43,166.82 in wired funds;

$24,651.90 in fraudulent credit card charges Alkan paid;

$7,126.50 in payroll deductions defendant failed to deduct from his paycheck.

The total of these amounts is $74,945.22. The interest on that amount through August 21, 2006, is $26,532.26.

Therefore the total restitution amount for Alkan should be:

<u>$104,769.79</u> as originally claimed and as stated (including attorney's fee of $4,750) in PSR ¶¶ 44 and 152; plus the following -

$54,360 in accounting costs as stated in Plaintiff's Sentencing Statement at p. 4, supported by testimony at sentencing, and undisputed;

$135 for credit monitoring (undisputed);

$480 and $1,340.11 for late-filing IRS fees (undisputed);

$1,780 for the computer forensic firm of $1,780 (undisputed);

$26,532.26 prejudgment interest on stolen money as computed above.

The total restitution amount for Alkan is $189,397.16.

The only thing Alkan recovered is the vehicle, the value of which is discussed below in Part 3.

Olgoonik Development:

Defendant took a total of $29,400 from Olgoonik, PSR ¶ 24, to which has been added interest awarded by the state court, plus an attorney fee of $1,239, plus 5% interest for the past two years, for a total as of June 2006 of $37,810. PSR ¶ 45.

Therefore, the total restitution amount for Olgoonik is $37,810. The amount recovered so far is $16,073.71, which is a credit against the total restitution figure.

Indra Systems:

Indra has not submitted a prejudgment interest figure. Indra's restitution amount is the amount as of the sentencing date, August 10, 2006, plus the cost of Vice President Angela Salva's attendance at the sentencing proceeding, as authorized by 18 U.S.C. § 3663A(b)(4). These costs now submitted by Indra are $1,442.25 for Angela Salva's time, and $4,040.57 for her travel and subsistence, for a total expense of $5,482.82 for attending the proceeding.

This should be added to the total of $352,502 established in the PSR ¶¶ 46 and 152, for a total amount of restitution for Indra of $357,984.82.

The amounts which Indra has thus far recovered are $28,400 from the vehicle and $9,203.48 in property of defendant. These two sums total $37,603.48, which is a credit against the total restitution figure.

3. The value of Alkan's vehicle as a credit against restitution.

The PSR ¶ 16 computed the fair market value of the car at $24,500 as of the date defendant stole it. Alkan recovered the car. However, they recovered it more

than one year after the theft, and incurred costs of retrieving it plus costs of replacing it with another vehicle during its absence.

Alkan submits the following accounting of these factors which diminished the value of the vehicle as recovered:

Fair market value of 2003 Kia Sorrento when stolen: $24,500. PSR ¶ 16.

Fair market value (blue book) when recovered in January 2005: $20,550.

Cost of recovery: $6,476. Plaintiff's Sentencing Statement at 5-6; testimony.

Cost of replacement: $14,134.04, consisting of $990 for 11 months of rental of a replacement vehicle, plus $2779.60 down payment on a new replacement vehicle, plus $1,454.44 for two months of payments on the new vehicle before recovery of the stolen vehicle. This replacement cost has been submitted by Alkan since the 8/10 hearing.

Net value at recovery: – 0 – {-$60.04}. This negative amount is an additional loss to be added to the total restitution amount of $189,397.16, for a total restitution amount owed to Alkan of $189,457.20.

Summary

Total restitution amount:

    Alkan: $189,457.20.

    Olgoonik: $37,810.

    Indra: $357,984.82.

    Total: $585,252.02. This is the amount the Court should order as restitution. Defendant should receive credit for recovery of the following amounts thus far:

Alkan vehicle: – 0 –

Olgoonik funds: $16,073.71.

Indra vehicle and personal property of defendant: $37,603.48.

Total credit against the restitution amount: $53,677.19. The net still owing on the total restitution amount is: $531,574.83.

WHEREFORE, restitution should be ordered in the amount of $585,252.02, with credit of $53,677.19 thus far recovered against the total.

RESPECTFULLY SUBMITTED this 18th day of August, 2006, at Fairbanks, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> /s/ STEPHEN COOPER
> Assistant United States Attorney
> Federal Building & U.S. Courthouse
> 101 12th Avenue, Room 310
> Fairbanks, Alaska 99701
> Phone: (907) 456-0245
> Fax: (907) 456-0577
> E-mail: stephen.cooper@usdoj.gov
> AK #6911028

**DECLARATION**
I declare under penalty of perjury that a true and correct copy of the foregoing **PLAINTIFF'S SENTENCING STATEMENT** was sent to the following counsel of record on August  3 , 2006, via electronic filing notice:
Lance C. Wells
Law Offices of Lance C. Wells, P.C.
733 W. 4th Avenue, Suite 308
Anchorage, Alaska 99501

 /s/ Stephen Cooper
Office of the United States Attorney